NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3195

HUDNELL BROGDON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Hudnell Brogdon, of Murrieta, California, pro se.

Gregg M. Schwind, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Gregory G. Katsas, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Mark A. Melnick, Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3195

HUDNELL BROGDON,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0831070725-I-1.

_____

DECIDED:  August 21, 2008

_____

Before NEWMAN, SCHALL and MOORE, Circuit Judges.

NEWMAN, Circuit Judge.

Petitioner Hudnell Brogdon challenges a decision of the Merit Systems Protection Board ("MSPB" or "Board"), Docket No. SF-0831-07-0725-1-1, holding that the Office of Personnel Management ("OPM") correctly terminated his disability retirement annuity on June 30, 2006.  We affirm.

OPINION

Mr. Brogdon retired from the position of City Carrier in April, 1986, and received monthly disability retirement payments under 5 U.S.C. §8337.  An annuitant receiving

disability retirement payments before age 60 is considered restored to earning capacity upon re-employment by the government or upon receiving income that exceeds 80 percent of the current pay rate of the position he occupied immediately before retiring.  5 U.S.C. §8337(d)(2000).  When an annuitant is restored to earning capacity, his entitlement to annuity payments terminates.

On May 11, 2006, after learning from Mr. Brogdon that his 2005 income was $37,153.00 for 2005, which exceeded 80 percent of the base salary of his position pay at retirement, OPM gave notice that his disability annuity would end on June 30, 2006.  Mr. Brogdon requested reconsideration, stating that the annuity was an unofficial settlement of a racial discrimination claim and therefore that payment should be continued.  OPM did not accept this reason.  Mr. Brogdon appealed to the MSPB, stating that he did not make as much income as reported because he only worked nine months during 2005.  The MSPB found that Mr. Brogdon's earned income for 2005 was undisputed, and that he had himself provided the amount of income.

On this appeal, Mr. Brogdon states first that he was denied full access to information and that he had no opportunity to appear before the Board.  The MSPB's initial decision, however, states that the administrative judge held a pre-hearing conference during which Mr. Brogdon asserted that the income he had given for 2005 was wrong, but he had no tax return or documentation for any other income figure.

Mr. Brogdon offers several other arguments on this appeal, citing discovery violations, requests for records, codes of conduct, illegally obtained financial information, and the Privacy Act.  None of those arguments relates to whether his earned income in 2005 exceeded 80 percent of the base salary for a City Carrier at the grade and step of the

position Mr. Brogdon held when he began receiving his disability retirement annuity. On this appeal, Mr. Brogdon cites no evidence of alternative 2005 income, or other error. The MSPB's decision, affirming the termination by OPM of Mr. Brogdon's disability annuity payments, must be affirmed.